MEMORANDUM **
Michael Orlando appeals the district court’s order granting summary judgment *686 to Defendant Los Alamitos Racing Association in his action under Title III of the Americans with Disabilities Act (“ADA”). Orlando alleged that he was denied an accessible path of travel to the Clubhouse portion (“Clubhouse”) of the grandstand because the entrance through which most patrons entered had stairs, and the alternative path to the Clubhouse led to a locked door that had to be opened by a track employee who escorted him. The district court held that the racetrack’s procedure for escorting disabled patrons through the locked door provided a reasonable alternative access route. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
First, the parties do not dispute that bypassing the stairs at the main entrance, whether by ramp or lift, was not readily achievable. See 42 . U.S.C. § 12182(b)(2)(A)(iv). As such, it was proper for the district court to view the access route as an “alternative method” of making the racetrack’s facilities available to disabled patrons. 42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. § 36.305(a); see also 28 C.F.R., Pt. 36, App. D § 4.3.2.
Second, Orlando has not alleged that being escorted ever materially delayed his entering the Clubhouse or that he was otherwise inconvenienced. Instead, Orlando argued that Los Alamitos was required to either keep the interior door unlocked or, at minimum, station someone outside the door during business hours to unlock it. However, Orlando has not explained why his alternatives would provide meaningfully different access than the current procedure. Nor has he pointed to an aspect of the ADA that requires Los Alamitos to implement either of his preferred methods, and we have found none. Without more, Orlando’s arguments are unavailing.
Orlando does not dispute that the racetrack has a legitimate operational concern in keeping the interior door to the Clubhouse locked—access to the Clubhouse requires patrons to purchase extra admission. The racetrack has also provided a reasonable procedure by which employees escort disabled patrons who pay to access the Clubhouse. See Baughman v. Walt Disney World Co., 685 F.3d 1131, 1135 (9th Cir. 2012). Because Orlando has faded to show that Los Alamitos denied him the full and equal enjoyment of its facilities,’ see 42 U.S.C. § 12182(a), the district court’s grant of summary judgment is
AFFIRMED.
Costs are awarded to the appellee.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.